**BRYAN T. DAKE**
Assistant U.S. Attorney
U.S. Attorney's Office
James F. Battin Courthouse
2601 Second Avenue North, Suite 3200
Billings, MT 59101
Phone: 406-657-6101
Fax: 406-657-6058
Email:  Bryan.Dake@usdoj.gov

ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| UNITED STATES OF AMERICA, | CR 18-20-BLG-SPW |
|---|---|
| Plaintiff, | |
| vs. | OFFER OF PROOF |
| ALEXANDER GREYBULL, | |
| Defendant. | |

## THE CHARGE

The defendant, Alexander Greybull, is charged in the Indictment with five felony offenses: conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846 (Count I); possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (Count II); possession

with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count III); possession of a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A) (Count IV); and felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1) (Count V). The Indictment also contains a forfeiture allegation, pursuant to 21 U.S.C. §§ 853 and 881 and 18 U.S.C. § 924(d).

## PLEA AGREEMENT

The defendant, Alexander Greybull, will enter a voluntary plea of guilty to all of the charges contained in the Indictment without benefit of a written plea agreement. The motion for change of plea filed with the Court represents, in the government's view, the most favorable disposition of the case against the defendant. *See, e.g., Missouri v. Frye*, 566 U.S. 134 (2012).

## ELEMENTS

In order for the defendant to be found guilty of the five charges contained in the indictment, the government must prove each of the following elements beyond a reasonable doubt. As to Count I, conspiracy to possess with intent to distribute methamphetamine:

First, beginning in or before March 2017, there was an agreement between two or more persons to distribute methamphetamine;

Second, the defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose; and

Third, the defendant agreed to possess or it was otherwise reasonably foreseeable to the defendant that the conspiracy would involve at least 500 grams of substance containing a detectable amount of methamphetamine.

As to Count II, possession with intent to distribute methamphetamine,

First, the defendant knowingly possessed methamphetamine;

Second, the defendant possessed it with the intent to distribute it to another person;

Third, the defendant possessed with the intent to distribute at least 500 grams of substance containing a detectable amount of methamphetamine.

As to Count III, possession with intent to distribute cocaine:

First, the defendant knowingly possessed cocaine; and

Second, the defendant possessed it with the intent to distribute it to another person.

As to Count IV, possession of a firearm during a drug trafficking offense:

First, the defendant committed the elements of drug trafficking crime, as stated in either Counts I through III of the indictment, prosecutable in federal court;

Second, the defendant knowingly used, carried, or possessed a firearm; and

Third, the use or carrying of the firearm was during and in relation to the defendant's drug trafficking crime.

As to Count V, felon in possession of a firearm and ammunition:

First, the defendant knowingly possessed a firearm and ammunition;

Second, the firearm had been shipped or transported in interstate or foreign commerce.

Third, at the time the defendant possessed this firearm, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year.

**Forfeiture Allegation:**

In reference to the Forfeiture Allegation stated in the Indictment, the government must prove the following by a preponderance of the evidence:

The property, specifically the $2,481.00 in United States currency and the HiPoint Model C9 9mm handgun, Serial Number P1471243 and various ammunition, constitutes or is derived from any proceeds obtained, directly and indirectly, as a result of the violations in Counts I-IV, or is property used and intended to be used, in any manner and part, to commit, and facilitate the commission of, the offenses in Counts I-IV; or is a firearm or ammunition used and intended to be used to facilitate the transportation, sale, receipt, possession, and

concealment of controlled substances and any proceeds traceable to such property.

Further, the firearm stated above and ammunition was used and intended to be used in any manner or part to commit and to facilitate the commission of the firearms violation, Counts IV and V, alleged in the Indictment.

## PENALTY

Count I, conspiracy to possess with intent to distribute methamphetamine, and Count II, possession with intent to distribute methamphetamine, both carry a mandatory minimum ten years to life imprisonment, a $10,000,000 fine, at least five years of supervised release, and a $100 special assessment.  Count III, possession with intent to distribute cocaine, carries a maximum punishment of twenty years imprisonment, a $1,000,000 fine, at least three years of supervised release, and a $100 special assessment.  Count IV, possession of a firearm during a drug trafficking offense, carries a mandatory minimum five years to life imprisonment, consecutive to any other sentence, a $250,000 fine, and five years supervised release.  Count V, felon in possession of a firearm and ammunition, carries a maximum punishment of ten years imprisonment, a $250,000 fine, and three years of supervised release.

///

///

///

## ANTICIPATED EVIDENCE

If this case were tried in United States District Court, the United States would prove the following:

In June 2015, Alexander Greybull was convicted of felony possession of dangerous drugs in Gallatin County, Montana and sentenced to five years with the Department of Corrections. He also has a previous felony aggravated assault conviction in Yellowstone County, Montana from May 2007. Greybull was prohibited from possessing a firearm or ammunition.

On May 21, 2017 Alexander Greybull was stopped by Billings Police Department for a traffic infraction in the area of 6th Avenue North and North 10th Street.

The officer spoke to the driver, Greybull, and the other male in the car. The officer asked Greybull for his driver's license, proof of insurance and registration. Greybull said he did not have his driver's license on him. The officer asked Greybull his name and Greybull refused to give his name or date of birth. At this time, Greybull was asked to get out of the car.

The officer then conducted a protective pat down. He felt what appeared to be a bag of some kind in Greybull's pocket. Greybull said he did not know what it was. The officer asked Greybull if he could check what was in the pocket and Greybull agreed. The officer removed the bag and found it contained a white

crystal substance. The substance was identified as methamphetamine. It was later tested and contained 11.498 grams of actual methamphetamine.

After this, Greybull still would not provide his name and Greybull was placed under arrest for obstructing an officer. The officer also found a large sum of cash, approximately $2,000, on Greybull and noted several "burner" phones near the front driver's seat.

Another office spoke to the passenger at this time. The officer then saw Greybull's identification on the front seat of the car in plain view.

Based on the above information, law enforcement contacted a K-9 officer. The K-9 was deployed and alerted on Greybull's car. Greybull's car was impounded and law enforcement obtained a search warrant. Inside the car was the following:

- A Michael Jordan backpack was found in the back seat of Greybull's car. Inside the backpack was a plastic bag containing methamphetamine. The methamphetamine was later tested and contained approximately 209.3 grams of actual methamphetamine;
- Also inside the backpack was a HiPoint Model C9 9mm handgun, Serial Number P1471243 with six ammunition cartridges, multiple plastic baggies and a digital scale;

- Inside another bag in the car was methamphetamine that was later tested and contained approximately 8.203 grams of actual methamphetamine;

- Another bag inside of the car contained a substance identified as cocaine. This substance was later tested and contained approximately 26.489 grams of a cocaine mixture.

- Greybull's trunk was searched. Inside the trunk was a small safe. Inside the safe was a bag with methamphetamine. The methamphetamine was later tested and contained approximately 444 grams of actual methamphetamine. Also inside the safe was two bowls and two spoons containing methamphetamine residue, and a Barnes 9mm hollowpoint cartridge.

Following the search, law enforcement sought and obtained a search warrant for the various phones in Greybull's car. The phones returned information demonstrating Greybull's involvement in the sale of illegal drugs.

The Bureau of Alcohol, Tobacco, Firearms, and Explosives examined the firearm and ammunition and determined that they are firearms and ammunition as defined by federal law and that they were not manufactured in the State of Montana. Therefore they traveled in or affected interstate commerce.

///

The United States would have presented this evidence through the testimony of law enforcement, lay witnesses and expert witnesses.

DATED this 23rd day of October, 2018.

                                KURT G. ALME
                                United States Attorney

                                */s/ Bryan T. Dake*
                                BRYAN T. DAKE
                                Assistant U.S. Attorney